

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| DAVID GREER, | § | |
|         Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:26-116-MGL |
| | § | |
| SHANA PEELER, | § | |
|         Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff David Greer, a self-represented state pretrial detainee, brings this action against Defendant Shana Peeler, pursuant to 42 U.S.C. § 1983.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 9, 2026; and the Clerk entered Greer's motion to amend his complaint and objection on February 27, 2026. But, Greer fails to offer a single objection to the Report. All he says in that regard is he is "writing this as [his] . . . objection to the [court's] R [and] R." Greer's Submission at 1. A non-specific objection such as this amounts to Greer failing to file any objection at all.

The Court granted Greer's motion to amend his complaint and remanded the case to the Magistrate Judge on March 16, 2026. The Magistrate Judge subsequently gave Greer until May 8, 2026, to filed his amended complaint. Yet, as to the date of this Order, Greer has neither filed an amended complaint nor asked for more time to do so.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself . . . there is no clear error on the face of the record . . . to accept the recommendation.'" *Diamond v. Colonial Life &Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. It is therefore the judgment of this Court the complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 27h day of May, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Greer is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.